IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN E. SHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-02-1457 |
| | § | |
| MEMORIAL HERMAN, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff John Shaw has filed an *ex parte*, *pro se* motion for an extension of time to file a notice of appeal from this court's final judgment. Shaw had sued his former employer, Memorial Hermann Healthcare System and Memorial Hermann Hospital Southwest ("Memorial Hermann"), claiming that he was subjected to discrimination on the basis of his race and religion. On November 22, 2004, this court granted Memorial Hermann's motion for summary judgment and entered final judgment. (Docket Entry No. 40). On January 24, 2005, Shaw filed this *pro se* motion for an extension of time to file a notice of appeal. Shaw asserts that the attorney who represented him throughout the litigation, Koyne Smith, did not inform him of this court's November 2004 summary judgment ruling and final judgment and did not file a timely notice of appeal on his behalf. (Docket Entry No. 46). Memorial Hermann does not oppose Shaw's motion to extend time to file the appeal. (Docket Entry No. 47).

Based on the pleadings, the motion and response, and the applicable law, this court denies the motion for an extension of time to file the notice of appeal. The reason for this ruling is set out below.

**I.     Background**

After discovery closed in November 2002, Memorial Hermann moved for summary judgment, based on deemed admissions resulting from Shaw's failure to file timely responses. In January 2003, this court granted Shaw's motion to withdraw his deemed admissions. (Docket Entry No. 19). In March 2004, Memorial Hermann moved for summary judgment a second time. This court allowed Shaw to conduct additional discovery before responding to the motion. (Docket Entry No. 27). On November 24, 2004, this court granted Memorial Hermann's motion for summary judgment. The docket sheet shows that notice was sent to Shaw's lawyer, Smith, at the address she had provided. On January 3, 2005, the notice was returned to the court as "undeliverable." (Docket Entry No. 42). In his motion for an extension, Shaw states that after he was unable to reach Smith, he called the court himself on January 5, 2005 and learned about the summary judgment ruling and judgment. On January 10, 2005, this court faxed Shaw a copy of the November 24, 2004 summary judgment ruling. Shaw states that on January 18, 2005, he discussed the summary judgment ruling with Smith for the first time. On January 24, 2005, Shaw filed the *ex parte*, *pro se* motion for an extension of time to file a notice of appeal. (Docket Entry No. 46). Shaw states that he is "asking for special consideration for my appeals request due to these circumstances and pray that the court will see likewise." (Docket Entry No. 46). It appears

that Shaw intends to pursue his appeal *pro se.*  Shaw submitted the same document, titled "Request For Appeal to Final Ruling," to this court and to the Fifth Circuit.  (Docket Entry Nos. 45, 46).

## II.     The Applicable Legal Standards

Federal Rule of Appellate Procedure 4(a) requires that a notice of appeal in a federal civil case be filed within thirty days from the entry of the judgment.  FED. R.APP. P. 4(a)(1)  A party to civil litigation who fails to file a notice of appeal within the Rule 4(a)(1) thirty-day period "still has available two lifelines for rescuing his appeal through a late-filed notice of appeal.  One is the extension lifeline specified in Rule 4(a)(5), and the other is the reopening lifeline specified in Rule 4(a)(6)."  *Wilkens v. Johnson*, 238 F.3d 328, 332 (5th Cir.), *cert. denied*, 533 U.S. 956 (2001).

Under Rule 4(a)(5), a district court may grant an extension to file a notice of appeal if two conditions are met.  First, the motion for extension of time must be filed no later than thirty days after expiration of the initial thirty-day appeal time prescribed by Rule 4(a)(1).[1]  Second, the party must show either "excusable neglect" or "good cause."  FED. R.APP. P. 4(a)(5)(A)(ii).  The Advisory Committee Notes for the 2002 Amendments to Rule 4 explain that the "excusable neglect" and "good cause" are distinct standards:

---

[1] In calculating time limits, the Federal Rules instruct to "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days.  Include the last day of the period unless it is a Saturday, Sunday, [or] legal holiday. . . ."  FED. R.APP. P. 26(a)(2).

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault–excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

FED. R. APP. P. 4(a)(5)(A)(ii), Advisory Committee Notes to 2002 Amendments. "Whether the standard is 'good cause' or 'excusable neglect,' a requirement of diligence is a part of the standard." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3950.3 (3d ed. 2004). In determining whether a party's failure to file a timely notice of appeal constitutes "excusable neglect," courts consider four factors: (1) the danger of unfair prejudice to the nonmoving party; (2) the potential delay of judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) the good faith of the moving party. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993)(addressing whether an attorney's inadvertent failure to file a proof of claim in bankruptcy proceeding was "excusable neglect" within the meaning of Bankruptcy Rule 9006(b)(1)); *see Stutson v. U.S.,* 516 U.S. 193 (1996)(stating that the *Pioneer* standard applies in Rule 4 cases); *Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 468 (5th Cir.1998).

The four *Pioneer* factors do not carry equal weight. The reason for the late filing is the critical inquiry. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d. Cir. 2003)(noting that in the typical case, the first two *Pioneer* factors will favor the moving party because "delay always will be minimal in actual if not relative terms, and the prejudice to the

non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal") (citations omitted); *Gibbons v. U.S.,* 317 F.3d 852, 854 (8th Cir. 2003)(the excuse given for the late filing carries the most weight).

When, as here, the movant was represented by counsel, the analysis of excusable neglect in failing to comply with a filing deadline focuses on that counsel. In *Pioneer*, 507 U.S. at 396-97, the Supreme Court rejected the suggestion that it would be "inappropriate to penalize respondents for the omissions of their attorney" and rejected an analysis that focused "on whether respondents did all they reasonably could in policing the conduct of their attorney, rather than on whether [the attorney], did all he reasonably could to comply" with the filing deadline. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)(finding "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client")).

Rule 4(a)(6) was specifically designed for cases involving late notice of the entry of a judgment. A court may reopen the time to file an appeal on the basis of late notice if three conditions are satisfied:

> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). Compliance with the deadlines in Rule 4(a) is mandatory and jurisdictional. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988).

### III. Discussion

This court entered judgment on November 24, 2004 and sent notice to Shaw's counsel at the address she had provided. Under Rule 4(a)(1), Shaw's notice of appeal was due on December 27, 2004. Shaw filed an *ex parte, pro se* motion for an extension of time to file an appeal on January 24, 2005, within the filing period for a determination of "excusable neglect" or "good cause" under Rule 4(a)(5). Shaw argues that his attorney did not inform him of the summary judgment ruling or file a notice of appeal. Shaw received notice of the judgment when he contacted this court on January 5, 2005.

The first two *Pioneer* factors favor granting the motion for extension of time. Memorial Hermann does not oppose Shaw's motion. (Docket Entry No. 47). There is no basis to find unfair prejudice to the defendant due to the delay in appealing and the delay does not adversely affect judicial proceedings. The remaining factors, however, weigh against granting the motion for an extension.

The "excusable neglect" standard applies because the summary judgment ruling and the final judgment were sent to Shaw's retained counsel, Koyne Smith, at the address she had

provided the clerk of court. The record shows that although the clerk's office sent these items to Smith, using the address she had provided, they were returned as "undeliverable." Providing the clerk's office with the correct address to obtain notice of the court's rulings was clearly within Smith's control. Rule 77(d) requires the clerk to serve written notice on the attorney of a represented party in compliance with Rule 5(b). FED.R.CIV.P 77(d). Under Rule 5(b), notice is served by "[m]ailing a copy to the last known address of the person served. Service by mail is complete on mailing." FED.R.CIV.P 5(b). Rule 77(d) also makes clear that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relive or authorize the court to relieve a party for failure to appeal within the time allowed, excepted as permitted in Rule 4(a). . . ." FED.R.CIV.P 77(d); *see Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993)("Implicit in [Rule 77(d)] is the notion that parties have a duty to inquire periodically into the status of their litigation.").

Shaw offers no excuse for his attorney's failure to keep the clerk informed of her address, necessary for her to comply with the time limit for filing a notice of appeal. Shaw cannot avoid the consequences of his attorney's conduct. Shaw states that throughout this case, he had difficulties in communicating with his attorney, but that does not show excusable neglect on the part of Smith, retained as counsel throughout this litigation.[2] Shaw has not presented any basis for this court to conclude that the reason for the late filing in this

---

[2] Shaw's motion for an extension states: "I learned of the ruling via calling the courts myself as I have done so many times before due to communications breakdowns on behalf of my legal representative." (Docket Entry No. 44, p. 1).

case was not within Smith's control. Shaw has not presented any verifiable information that would allow this court to conclude that Smith's failure to file a timely notice of appeal constitutes "excusable neglect." A motion for extension of time is not available under Rule 4(a)(5).

Rule 4(a)(6) allows a court to reopen the time for appeal if the court finds that no party would be prejudiced and the moving party: (1) was entitled to notice of the entry of the judgment; (2) did not receive notice from the district court or any party within 21 days of its entry; (3) and filed the motion to reopen within 180 days of the entry of judgment or within 7 days of his receipt of such notice, whichever is earlier. FED.R.APP.P. 4(a)(6). A district court can deny a motion to reopen when the party's failure to receive notice is due to its own lack of diligence. *See Matter of Jones*, 970 F.2d 36 (5th Cir. 1992)(denying motion to reopen when the clerk had mailed notice to the movant's attorney, who had failed to follow the local rule requiring a written change of address).

In his motion, Shaw stated that on January 5, 2005, he called this court, and for the first time learned about the summary judgment ruling and the entry of judgment. On January 10, 2005, this court faxed Shaw a copy of the November 24, 2004 summary judgment ruling. Shaw acknowledges that he received a copy of the ruling on January 10, 2005. In his motion, Shaw states that on January 18, 2005, he discussed the summary judgment ruling with Smith for the first time. On January 24, 2005, Shaw filed an *ex parte*, *pro se* motion for an extension of time to file a notice of appeal. (Docket Entry No. 46). Accepting Shaw's contentions as true, he meets the requirement of showing that he did not receive notice of the

court's judgment within 21 days of its entry. But when Shaw received written notice of the judgment from this court, on January 10, 2005, he had 7 days to file his notice of appeal under Rule 4(a)(6). *See Latham,* 987 F.2d at 1202. In *Wilkens v. Johnson*, 238 F.3d at 332, the Fifth Circuit held that Rule 4(a)(6) does not "ascribe any particular qualities or formalities to the words 'receive' or 'notice'" and that "[a]ny written notice of entry received by the potential appellant or his counsel (or conceivably by some other person), regardless of how or by whom sent, is sufficient to open [Rule 4(a)(6)'s] seven-day window."[3] Like this case, *Wilkens* involved a faxed copy of a judgment sent to a party. Although Shaw received written notice on January 10, 2005, he did not file his *pro se* motion for an extension until January 24, 2005. Rule 4(a)(6) provides no basis for relief.

---

[3] The circuit courts have divided over the type of notice required under Rule 4(a)(6)(A) – actual, written, or formal. The Fifth Circuit has held that written notice is sufficient. In an unpublished decision, the court held that viewing an electronic docket entry constituted "notice" that would trigger the seven-day filing period under Rule 4(a)(6). *See Wright v. Barnhart,* 37 Fed. Appx. 88 (5th Cir. 2002)(citing *Nunley v. City of Los Angeles,* 52 F.3d 792, 794 (9th Cir. 1995)). In response to the circuit split, the Advisory Committee of the Rules of Appellate Procedure has proposed an amendment that would become effective no earlier than December 1, 2005, requiring formal notice of the entry of judgment under Rule 77(d) to trigger the seven-day period. FED.R.APP.P. 4(a)(6). The Advisory Committee Notes to the 2005 Amendment states that "Rule 4(a)(6) has been amended to specify more clearly what type of 'notice' of the entry of judgment or order precludes a party from later moving to reopen the time to appeal." Shaw was served with formal notice when the clerk mailed a copy to his attorney of record, at the address she had provided. FED. R. CIV. P. 5(b); Rule 77(d).

## IV.     Conclusion

Shaw's motion for an extension of time to file a notice of appeal from this court's judgement is denied.

SIGNED on May 20, 2005, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge